**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4204
_____

MALIK NADEEM KHALID,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. No. A072-567-177)
Immigration Judge: Hon. Dorothy Harbeck
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, Circuit Judges.

(Filed:  July 20, 2017)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

Malik Nadeem Khalid seeks review of a final order of removal issued by the

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Board of Immigration Appeals ("BIA"). The BIA dismissed Khalid's appeal from the Immigration Judge's ("IJ") decision denying his application for protection under the Convention Against Torture ("CAT"). The record does not compel a conclusion that it is more likely than not that Khalid will be tortured by, at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity upon returning to Pakistan. Therefore, we will deny Khalid's petition to review the BIA's order.

I

Khalid, a citizen of Pakistan, attempted to enter the United States in 1991 without documentation and was placed in exclusion proceedings. He requested asylum and was paroled into the United States. Khalid withdrew his asylum application and filed an application for adjustment of status based on his marriage to a United States citizen. Khalid returned to Pakistan briefly in 1997 and was paroled back into the United States to continue his application for adjustment of status. The application was denied, but Khalid remained in the United States. In 2008, the Department of Homeland Security charged him as an alien without valid travel documents. Khalid submitted a new application for asylum, withholding of removal, and CAT protection.

At the hearing on his application, Khalid testified that he came to the United States to flee persecution stemming from his involvement with the Pakistan People's Party ("PPP"), the party of then-Prime Minister Benazir Bhutto. Khalid testified that after Bhutto was replaced as prime minister in 1990, Khalid was arrested and taken to a police

station where he was beaten for twelve hours because of his affiliation with the PPP. **App. 1335.** Khalid testified that, a few months later, police officers stopped him, beat him, and took him to a cell where he was held overnight. Khalid testified that he was beaten and arrested again several months later. His father bribed a police officer to secure his release, and shortly thereafter Khalid came to the United States.

Khalid further testified that in 1997 he returned to Pakistan to see his ailing mother and, during the visit, men from the army came to his home and pressured him to turn over his travel documents. An army captain intervened and prevented the men from taking the documents. Khalid testified that he had no other problems while in Pakistan and that he returned to the United States several weeks later.

Khalid testified that in 2000, his family joined the PML-Q political party and that in 2008, his brother and father were arrested in Pakistan on false criminal charges. At the time of the 2009 hearing before the IJ, that criminal case was still pending, but Khalid testified that the PML-N, the PML-Q's rival party, wanted to harm his brother and father and he feared that the party also wanted to hurt him. Khalid said that Pakistani officials brought charges against his brother and father in order to compel Khalid to return to Pakistan.

Following the hearing, the IJ granted Khalid's claim for withholding of removal and so did not address Khalid's CAT claim. On appeal, the BIA reversed the IJ's decision and denied Khalid's claim for withholding of removal and dismissed his CAT claim as waived. Khalid filed a petition for review and we: (1) denied review of the

3

BIA's denial of Khalid's claim for withholding of removal based in part on our view that substantial evidence supported the BIA's findings that Khalid could not establish that authorities arrested his father and brother in order to compel his return, and that Khalid would not be harmed based on his political affiliation; (2) granted review of the BIA's dismissal of Khalid's CAT claim because the IJ never made a determination on it, so Khalid never had reason to challenge it before the BIA; and (3) remanded the case to the BIA. The BIA, in turn, remanded the case to the IJ so the IJ could adjudicate Khalid's application for CAT protection.

At the hearing before the IJ, Khalid testified that the PML-N would torture him if he returned to Pakistan because of his family's affiliation with the PML-Q. He offered new testimony about his brother's participation in a contested election in 2005 as a member of the PML-Q, and his brother's and father's arrest in 2008. He also claimed that his nephew was shot in the leg in 2013 because members of the PML-N wanted his family to change political parties. Khalid further testified that terrorists would target him in Pakistan because he has lived in the United States for many years and he is Americanized. In addition, he submitted documentation concerning terrorism and political unrest in Pakistan.

The IJ denied Khalid's request for CAT relief because Khalid did not demonstrate that there is a clear probability that government forces will torture him if he returns to Pakistan. The IJ found that the only past incident that had any bearing on the likelihood of future torture at the hands of the PML-N was the 2008 arrest and beating of Khalid's

father and brother. Nevertheless, the IJ found that there was no evidence that Khalid's family had been targeted or harmed by the PML-N since that 2008 incident or that the PML-N would impute the political affiliation of his family members to Khalid. Regarding the incident with Khalid's nephew, the IJ rejected Khalid's claim that the 2013 shooting was politically-motivated because the "police report . . . state[d] that the 'cause of enmity' between [Khalid's] nephew and the shooter was a quarrel from a few days prior." App. 60. The IJ also concluded that the record does not support Khalid's fear that terrorists target Americanized Pakistanis.

Khalid appealed the IJ's decision, which the BIA dismissed. The BIA found that Khalid had not shown that it is "more likely than not" that he will be subjected to torture in Pakistan. App. 4. The BIA acknowledged Khalid's fears that he will be targeted by the PML-N based on his family's political activities and by terrorists because he has become Americanized, but found that there is insufficient evidence to establish that anyone in Pakistan is motivated to harm him. The BIA also noted that Khalid had sought to add several online news articles to the record with his appellate brief, but declined to consider this evidence because the BIA is an appellate body that reviews the record that is created before the IJ. The BIA further held that even if Khalid had sought remand to expand the record, such a motion would have been denied because the additional evidence would likely not alter its decision on whether Khalid is entitled to CAT relief. Khalid petitions for review.

5

To qualify for CAT protection, the applicant "must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Kibinda v. Att'y Gen., 477 F.3d 113, 123 (3d Cir. 2007) (internal quotation marks and citations omitted); see 8 C.F.R. § 208.16(c). "Torture" under the CAT "is an extreme form of cruel and inhuman treatment" that is inflicted by or with the acquiescence of a public official and is "specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 208.18(a)(1), (2), (5).

Khalid argues that the IJ and the BIA erred in concluding that the facts do not support Khalid's claim that he is eligible for CAT protection. First, he argues that we should grant his petition because the BIA ignored evidence—five unauthenticated online news articles—demonstrating that members of the PML-N commit violence against members of the PML-Q. The BIA properly declined to consider this evidence because Khalid submitted it for the first time on appeal. As an appellate body, the BIA is not

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, and we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011). We review legal questions de novo and the BIA's and IJ's factual findings under an "extraordinarily deferential standard," where "findings of fact will be upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 502 (alteration, internal quotation marks and citation omitted). We may decline to uphold factual findings, including whether an applicant has demonstrated persecution or a likelihood of torture, "only if the evidence compels a contrary conclusion." Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) (internal quotation marks and citation omitted); see Kibinda v. Att'y Gen., 477 F.3d 113, 119, 123 (3d Cir. 2007) (applying the "compels a contrary conclusion" standard to CAT claim).

permitted to engage in fact-finding or to consider evidence not presented to the IJ. See 8 C.F.R. § 1003.1(d)(3). If Khalid believed this additional evidence demonstrated his entitlement to CAT relief, then he should have filed a motion to remand the matter to the IJ for further fact finding, which he did not do. See 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the [BIA] cannot properly resolve an appeal without further fact finding must file a motion for remand."). Furthermore, even if the evidence were properly before the BIA, the articles report that there are political tensions and incidents of violence between PML-N and PML-Q members, but do not indicate that individuals related to PML-Q members are being targeted for torture. Thus, there is nothing in the articles to suggest that it is more likely than not that Khalid will be tortured if he returns to Pakistan.

Second, Khalid argues that the BIA ignored evidence that his family continues to be targeted in Pakistan for its political involvement. To the contrary, the BIA specifically acknowledged Khalid's fear "that members of the ruling [PML-N] will seek to harm him based on his family's involvement with the [PML-Q]." App. 4. Nonetheless, the BIA ultimately concluded that his claims were "highly speculative, founded upon a chain of suppositions and a fear of what might happen to him in a worst-case scenario, rather than upon hard evidence that meets his burden of demonstrating that it is more likely than not that he will be tortured in Pakistan." App. 5. The BIA additionally concluded that Khalid's claim that the PML-N targeted his family was tenuous based on Khalid's "mother, siblings, wife and child . . . all remain[ing] in Pakistan without harm despite their familial relationship" to members of the PML-Q. App. 4. The IJ also discussed the

evidence that Khalid added to the record during the remand hearings regarding the 2008 arrests of his father and brother, and the 2013 shooting of his nephew. The IJ found that neither of these events supported a claim for CAT protection because Khalid failed to provide any evidence that his family members had been harassed by the PML-N since 2008, and the police reports suggested that the shooting of his nephew was not politically motivated. The IJ and the BIA correctly assessed the record and there is substantial evidence supporting the decision that Khalid is not entitled to CAT protection based on his family's involvement in the PML-Q.

Third, Khalid argues that he will be tortured by terrorists if he returns to Pakistan because he will be perceived as Americanized. The BIA acknowledged this argument but concluded that "there [was] no evidence [in the record] that those perceived as 'Americanized' have been targeted by terrorists or that anti-American sentiment has been the motive for any terrorist attacks in Pakistan." App. 4. The BIA is correct. The record includes no evidence that compels a conclusion that Khalid is likely to be tortured in Pakistan due to his Americanization. See 8 C.F.R. § 1208.18(a)(1).

Because the record does not compel the conclusion that it is more likely than not that Khalid will be tortured by or at the instigation of a public official or other person acting in an official capacity upon returning to Pakistan, he is ineligible for CAT relief.

## III

For these reasons, we will deny Khalid's petition for review.

8